FILED'08 NOV 25 15:15 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,                     CR No. 04-60041-AA

   v.                                      OPINION AND ORDER

DANNY LEE GIBSON,

        Defendant.
_____

Karin J. Immergut
United States Attorney
District of Oregon
Stephen H. Gunnels
Special Assistant United States Attorney
1164 NW Bond Street
Bend, OR 97701
    Attorneys for plaintiff

Craig E. Weinerman
Assistant Federal Public Defender
151 W. 7th St., Suite 510
Eugene, OR 97401
    Attorney for defendant

1 - OPINION AND ORDER

AIKEN, Judge:

Defendant moves to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Defendant claims that his sentence was imposed in violation of the Constitution and laws of the United States, or is otherwise subject to collateral attack. Specifically, defendant argues that his sentence was enhanced under the Armed Career Criminal Act (ACCA) based on a prior conviction for assault in the third degree, which does not qualify as a predicate felony under 18 U.S.C. § 924(e)(2)(B)(i) or (ii). The motion is granted.

## BACKGROUND

On May 19, 2004, a grand jury returned an indictment against defendant charging him with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The indictment alleged that defendant was subject to an enhanced sentence under the ACCA by virtue of three prior Oregon convictions for assault in the third degree, unlawful delivery of a controlled substance, and unlawful manufacture of a controlled substance.

On March 16, 2005, defendant pled guilty to felon in possession of a firearm but did not admit that his prior convictions were predicate offenses under the ACCA. At sentencing, defendant argued that his conviction for assault in the third degree did not categorically qualify as a violent felony to support an enhanced sentence under the ACCA, because it

required a *mens rea* of only recklessness, rather than intentional acts against another person.

I rejected defendant's arguments and found that defendant's prior third degree assault conviction was a violent felony and qualified as a predicate offense under the ACCA. Accordingly, defendant received the mandatory minimum sentence of 180 months imprisonment.

On appeal, the Ninth Circuit affirmed defendant's sentence and this court's finding that defendant's conviction for third degree assault was a violent felony under the ACCA, explaining that defendant's argument was foreclosed by its decision in <u>United States v. Rendon-Durante</u>, 490 F.3d 1142 (9th Cir. 2007). <u>United States v. Gibson</u>, 235 Fed. Appx. 656, 2007 WL 2436481 (9th Cir. 2007).

On May 27, 2008, the Supreme Court denied certiorari. <u>Gibson v. United States</u>, 128 S.Ct. 2499, 2008 WL 2167811 (May 27, 2008).

On July 2, 2008 defendant filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Defendant argues that the imposition of an enhanced sentence under the ACCA based on his prior conviction for third degree assault violated the Fifth, Sixth, and Eighth Amendments to the United States Constitution and federal law. Relying on a recent

3   OPINION AND ORDER

Supreme Court decision, defendant argues that his third degree assault did not qualify as a "violent felony" as that term is defined in 18 U.S.C. §§ 924(e)(2)(B)(i) and (ii). See Begay v. United States, 128 S. Ct. 1581 (2008).

"Violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year" that: 1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," or 2) constitutes "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(i),(ii). The Ninth Circuit refers to the first clause as the "element test" which focuses on whether the use of force is an element of the offense. United States v. Gomez-Leon, ___ F.3d ___, 2008 WL 4330559 at *5 (9th Cir. September 24, 2008). The second clause of the definition is known as the "offense test," with the phrase "or otherwise involves conduct. . ." in the residual clause referred to as the "serious risk of injury test." Id. at *6-7.

First, defendant argues that his prior third degree assault conviction does not qualify as an ACCA predicate offense, because it does not have as an element the use, attempted use, or threatened use of physical force against the person of another. 18 U.S.C § 924(e)(2)(B)(i). In so arguing, defendant relies on

4      OPINION AND ORDER

opinions by the Supreme Court and Ninth Circuit that discussed the definition of "crime of violence" under 18 U.S.C. § 16(a) and held that the definition requires intentional conduct. <u>See</u> <u>Leocal v. Ashcroft</u>, 543 U.S. 1, 9 (2004); <u>Fernandez-Ruiz v.</u> <u>Gonzalez</u>, 466 F.3d 1121, 1123 (9th Cir. 2006)(en banc). Defendant emphasizes that a "crime of violence" under § 16(a), like "violent felony" under § 924(e)(2)(B)(i), includes crimes that have as an "element the use, attempted use, or threatened use of physical force against the person. . . of another." Defendant argues that because the elements test for "violent felony" under the ACCA is the same for "crime of violence," it likewise requires an element of intent.

Defendant was convicted of third degree assault under Or. Rev. Stat. § 163.165(1):

> A person commits the crime of assault in the third degree if the person...
> (c) Recklessly causes physical injury to another by means of a deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life . . .
> ***

Accordingly, defendant argues that because his prior conviction did not require the intentional use of force, but recklessness, it is not an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another."

The government responds that defendant's third degree

5       OPINION AND ORDER

assault conviction required more than proof of recklessness; it also required proof that defendant acted recklessly "under circumstances manifesting extreme indifference to the value of human life." The government relies on Oregon case law determining that "the extreme indifference language does not create an additional culpable mental state. The language does, however, require more than recklessness." State v. Boone, 294 Or 630, 634 (1983); see also State v. Belcher, 124 Or. App. 30, 32-33 (1993)(extreme indifference does not create an additional culpable mental state, but does describe a heightened degree of blameworthiness).

I find that the government's argument is foreclosed by Gomez-Leon. Under the "element test" as applied by the Ninth Circuit, intentional conduct is required for an offense that "has as an element the use, attempted use, or threatened use of physical force. . . ." Gomez-Leon, 2008 WL 4330559 at *5. In Gomez-Leon, the Ninth Circuit held that a conviction for vehicle manslaughter was not a "crime of violence" under § 16(a), because it did not involve the intentional use of force. Id. at *5. Given the similar definitions, I find that the analysis in Gomez-Leon also applies to "violent felony." Thus, defendant's third degree assault is a not a "violent felony" under the elements test of § 924(e)(2)(B)(i).

Second, defendant argues that his offense is not a "violent

felony" under the residual clause of § 924(e)(2)(B)(ii), again relying on Leocal and Fernandez-Ruiz. Leocal, 543 U.S. at 9; Fernandez-Ruiz, 466 F.3d at 1123. Defendant urges the court to adopt a similar definition of "violent felony" that requires a *mens rea* element of intentional conduct, rather than mere recklessness, with respect to the residual clause as well as the elements clause.

Previously, the Ninth Circuit expressly distinguished Fernandez-Ruiz and Leocal and rejected their holdings as applied to the residual clause of the ACCA. See United States v. Rendon-Durante. 490 F.3d 1142 (9th Cir. 2007). In Rendon-Durante, the defendant argued that his third degree assault conviction did not qualify as a "crime of violence" under the career offender provisions of the sentencing guidelines, because the definition required actual or threatened use of force, rather than recklessness. Id. at 1146-47. The court disagreed, stating that his argument overlooked the residual clause of the guideline which included offenses that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. at 1147; see also 18 U.S.C. § 4B1.2(a)(2). The court ruled that the element of placing a person in fear of serious bodily injury by means of a dangerous instrument was congruent with the residual clause, and therefore constituted a "crime of violence." Id. at 1147-49. The court explained that the "critical

7       OPINION AND ORDER

difference" between Fernandez-Ruiz and Rendon-Durante was made clear in Leocal, which held that no "volitional element" was implicated in the residual clause. Rendon-Durante, 490 F.3d at 1147-48 (citing Leocal, 125 S.Ct. at 378). The Ninth Circuit agreed and held that because the use the physical force is not an element of the residual clause, there is no *mens rea* component implicated. Instead, the critical factor was whether the offense involved "conduct that presents a serious risk of physical injury to another," rather than the defendant's intent. Id. at 1148.

However, defendant argues, and I agree, that the holding of Rendon-Durante is now questionable in light of the Supreme Court's recent ruling in Begay.

There, the Supreme Court discussed the types of offenses that qualify as "violent felony" under the residual clause of the ACCA. Emphasizing that a "violent felony" includes "burglary, arson, or extortion, involves use of explosives, or [an offense that] otherwise involves conduct that presents a serious potential risk of physical injury to another," the Court held that New Mexico's DUI statute was outside the ACCA's residual clause, because it "is simply too unlike the provisions listed examples for us to believe that Congress intended the provisions to cover it." Id. at 1584. Instead, the Court held that for an offense to qualify as a "violent felony" under the residual clause, it must "typically involve purposeful,'violent' and

8       OPINION AND ORDER

'aggressive conduct.'" Id. at 1586-87. The Court distinguished offenses that qualify as a violent felony under the residual clause from offenses, such as driving under the influence, that "need not be purposeful or deliberate." Id. at 1586-87. Defendant thus argues that under Begay, his third degree assault conviction does not qualify under the residual clause, because third degree assault does not require purposeful or deliberate conduct.

Defendant's argument is bolstered by the Ninth Circuit's discussion of Begay in Gomez-Leon. There, the Ninth Circuit applied the "serious risk of injury test" of the career offender provision of the Sentencing Guidelines, which also defines a "crime of violence" as "burglary of a dwelling, arson, or extortion, involves the use of explosives, or [an offense that] otherwise involves conduct that presents a serious potential risk of physical injury to another." Gomez-Leon, 2008 WL 4330559 at *6. The court recognized that while it previously held that the "serious risk of injury test . . . did not require proof of mens rea," the Supreme Court in Begay had held that the serious risk of injury test includes only offenses that involve "'purposeful, violent, and aggressive' conduct." Id. at *7. Thus, the Ninth Circuit suggested that in light of Begay, it is arguable whether the residual clause requires an element of intent.

I am persuaded by the reasoning in Begay and find that a

9       OPINION AND ORDER

prior conviction must involve "purposeful, violent, and aggressive conduct" to meet the definition of "violent felony" under the residual clause of the ACCA. Here, defendant's prior third degree assault conviction involved recklessness rather than purposeful or deliberate conduct. Begay, 128 S.Ct. at 1586-87. Therefore, defendant's prior conviction does not qualify as a "violent felony."

## CONCLUSION

Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (doc. 48) is GRANTED.

IT IS SO ORDERED.

Dated this 25 day of November, 2008.

/s/ Ann Aiken
Ann Aiken
United States District Judge